[No. 17678. Department One. March 8, 1923.]

LOUIS L. MENDEL, *Respondent*, v. JOHN L. YOCUM, *Appellant*.[1]

CONTRACTS (12)—EVIDENCE OF AGREEMENT—SUFFICIENCY. Findings that an architect's contract for plans for buildings did not undertake to limit the cost are sustained where no such assurance was made, because of the owner's assurances that he could obtain building material at less than usual cost, and his insistence upon expensive changes and additions to the plans.

Appeal from a judgment of the superior court for King county, Brinker, J., entered May 18, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Palmer & Askren* (*Glyde Tucker*, of counsel), for appellant.

*Weter & Roberts* (*Evangeline Starr*, of counsel), for respondent.

[1] Reported in 213 Pac. 452.

MITCHELL, J.—Appellant, intending to build a residence, engaged the respondent, an architect, to prepare plans and specifications. The original thought was to build a double residence house, but after the respondent had done some preliminary work on the plans and examination of the real property, that idea was abandoned by the appellant, who decided to construct two two-story residences on the lot, at a price not to exceed $6,000 each. While engaged in preparing the plans and specifications as ordered, the architect was directed from time to time by the appellant, and by appellant's wife, with his consent, to make changes and additions to the plans, over the protests and advice of the respondent that they would increase the cost over the amounts originally fixed. Upon completing the plans and specifications, they were accepted by the appellant, who has kept them at all times since. Upon calling for bids, appellant found that the houses could not be built for less than an amount substantially in excess of his original estimates. He declined to build by those plans and then had the respondent prepare plans and specifications for two cottages to cost about $5,000 each. Such plans and specifications were prepared and accepted, the cottages were built, and the respondent's services in connection therewith were paid for.

The appellant refused to pay for respondent's services in furnishing the plans and specifications for the two-story houses, and this suit was instituted to recover for the reasonable value of those services. Findings of fact and judgment were entered for the plaintiff, from which this appeal has been taken.

The defense to the action was that the respondent was employed to prepare plans and specifications for buildings to cost not to exceed $5,000 each, and with all extras not to exceed $6,000 each, under assurances

on behalf of the respondent that he could accurately estimate the cost of building houses and that the buildings would not cost more than that amount; that there was but one contract and that all of the services rendered by the respondent were pursuant thereto, and that having paid for the plans and specifications used for the construction of the two cottages, respondent should not recover in this action.

There can be no question about the sufficiency of the defense if established by the evidence, or if the evidence thereunder were sufficient to overcome respondent's burden of proof of the contract alleged in the complaint. This presents but an issue of fact as to what the agreement was. It is the only matter of controversy presented on the appeal. An examination of the evidence shows that it preponderates in support of the trial court's findings and judgment in favor of the respondent. It shows that there was no assurance by the respondent as to the cost, largely because of the fact that, from the commencement of the relation between the parties, the appellant insisted that, because of certain business relations, he could obtain much of the necessary building material at less than the usual cost to builders. It also appears, as already stated, that the increase in cost necessary to build the two-story houses was brought about, against the warning of the respondent, because of repeated additions or expensive changes required by the appellant or some member of his family over appellant's original ideas. The respondent at no time agreed that there would be no charge for his work if the cost of erecting the two-story houses exceeded the original amount, or any other sum. On the contrary, when appellant was cautioned concerning the cost of expensive changes and additions, his answer was to proceed, that he would have the plans and specifications anyway; and when

it was found the bids called for were more than he was willing to invest, he then gave a new order for the architect's services, whose plans and specifications were used in building the two cottages.

Judgment affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.